UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PAUL DAN SCHEPPF

VERSUS

UNITED STATES ATTORNEY
GENERAL, et al

CIVIL ACTION

NO. 16-575-JWD-EWD

## RULING AND ORDER

This matter comes before the Court on Plaintiff's *Motion to Strike*. (**Doc. 32.**) The motion is unopposed. Additionally, the Tennessee Coalition to End Domestic and Sexual Violence ("the Tennessee Coalition") has filed a *Motion to Dismiss pursuant to Rule 12(b)(1), 12(b)(2), and 12(b)(6)*. (**Doc. 18.**) For the reasons that follow, Plaintiff's Motion to Strike is **GRANTED** and the Tennessee Coalition's Motion to Dismiss is **DENIED AS MOOT**.

Plaintiff Paul Dan Scheppf ("Plaintiff") initiated this action by filing a complaint and motion to intervene on behalf of a minor child, KJS.[1] (Doc. 1.) Plaintiff alleges that KJS, born in 2006 in the Republic of Angola, is his natural and legal daughter. (Docs. 1 at 3; 13 at 1.) Among others, Plaintiff named as a defendant the Tennessee Coalition, a nonprofit organization registered and operating in Tennessee.

On November 15, 2016, the Tennessee Coalition filed a motion to dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6). (Doc. 18.) The following day, the Court issued a briefing schedule, allowing Plaintiff to file an opposition within twenty-one (21) days, not to exceed ten (10) pages in length, allowed the Tennessee Coalition to file a five-page reply within fourteen (14) days of the filing of the opposition, and noted the Tennessee Coalition

---
[1] To protect the identity of the minor child, the Court will refer to her only by her initials.

need not seek leave of court to file its reply. (Doc. 19.) It further stated, "Sur-Reply briefs will be permitted only with leave of Court for extraordinary reasons supported by sufficient facts." (*Id.*)

On January 18, 2017, Plaintiff filed his memorandum in opposition. (Doc. 20.) On February 1, 2017, Defendant filed a motion to strike Plaintiff's opposition, arguing that it failed to comply with Local Rules 7(f) and 7(g) and lamented that Plaintiff's opposition was "43 days late and 18 meandering pages too long without any showing of good cause or the required Leave of Court." (Doc. 21 at 1.) Conscious of the fact that Plaintiff is a pro se litigant with no legal background, the Court denied the Tennessee Coalition's motion to strike on February 2, 2017. (Doc. 23.) The Tennessee Coalition then filed its reply brief. (Doc. 25.)

On February 22, 2017, Plaintiff attempted to file a sur-reply, captioned as "Opposition and Response to Reply Memorandum in Response". (Doc. 26.) Despite the mandate of the briefing schedule, Plaintiff did not seek leave of court to file his sur-reply. On February 24, 2017, the Tennessee Coalition filed a Motion to Strike Doc. 26 "on the grounds that the filing disregards this Court's Briefing Schedule and Local Rules 7(f) and 7(g). [Plaintiff's] Surreply was filed without any showing of good cause or the required Leave of Court and is ten (10) pages long – double the permissible length, when permitted at all." (Doc. 27 at 1.) Through an Order issued on February 27, 2017 (Doc. 28), the Court granted the Tennessee Coalition's Motion to Strike Plaintiff's sur-reply. Plaintiff did not seek leave of court to re-file his sur-reply, nor did he contest the granting of the Tennessee Coalition's motion to strike.

On June 6, 2017, Plaintiff filed a motion captioned as a Motion to Strike pursuant to Federal Rule of Civil Procedure 12(f),[2] seeking to dismiss without prejudice the Tennessee Coalition as a

---

[2] Although the Motion is captioned as a Motion to Strike pursuant to Rule 12(f), the substance of Plaintiff's motion reveals that the relief he seeks is actually couched in Rule 12(b), as he admits that he cannot allege a valid claim against Defendant upon which relief can be granted. Notwithstanding this discrepancy, the outcome is the same, resulting in the dismissal of Defendant from this case.

party to the litigation, or in the alternative, to strike all claims against the Tennessee Coalition in his initial and amended complaint. (Doc. 32 at 1.) Plaintiff alleges that in light of the Court's striking his sur-reply from the record, he "now [has] no reasonable chance to legally prevail against the Tennessee Coalition in this litigation and any further litigation against the Tennessee Coalition would be immaterial under Rule 12(f); would be frivolous, impede judicial efficiency and cause an economic and judicial disservice to this Court and to the Tennessee Coalition." (*Id.* at 2.)

Rule 12(f) states that the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or other scandalous matter. Fed. R. Civ. P. 12(f); *see also Clewis v. Medco Health Solutions, Inc.*, 578 Fed. App'x 469, 470 n. 2 (5th Cir. 2014). In light of Plaintiff's admission that his claims against the Tennessee Coalition are "immaterial under Rule 12(f)", the Court grants his motion to strike the Tennessee Coalition from the complaint.

Accordingly,

**IT IS ORDERED** that the Plaintiff's *Motion to Strike* (Doc. 32) is **GRANTED** and that all claims against the Tennessee Coalition be **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Tennessee Coalition's *Motion to Dismiss pursuant to Rule 12(b)(1), 12(b)(2), and 12(b)(6)* (Doc. 18) is **DENIED AS MOOT**.

Signed in Baton Rouge, Louisiana, on June 15, 2017.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**