# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

**PAUL DAN SCHEPPF, ET AL.**      **CIVIL ACTION**

**VERSUS**     **NO: 16-575-JWD-EWD**

**U.S. ATTORNEY GENERAL, ET AL.**

### RULING AND ORDER ON U.S. ATTORNEY GENERAL'S MOTION TO DISMISS AMENDED COMPLAINT

Before the Court is a Motion to Dismiss Amended Complaint filed by the U.S. Attorney General ("USAG"). (Doc. 34.) The motion is not opposed. For the reasons which follow, the Court grants the motion and Plaintiffs' claims against the USAG, as well as any other federal entities named as defendants or mentioned in the Amended Complaint, are dismissed without prejudice.

### BACKGROUND

On August 31, 2016, Paul Dan Scheppf ("Scheppf" or "Plaintiff") filed his initial pleading in this matter *pro se,* on his own behalf and on behalf of the minor Kimberly Juliana Scheppf ("KJS") (collectively, "Plaintiffs"). (Doc. 1.) The pleading was captioned "Motion to Intervene." (*Id.*) The same day, he filed a Motion to Proceed In Forma Pauperis, (Doc. 2), which was granted on September 6, 2016. (Doc. 3.) On October 19, 2016, Plaintiffs filed an "Amended Complaint Motion to Intervene." (Doc. 13.)

On October 25, 2016, the Court held a status conference at which time the Court heard argument regarding a request by Plaintiffs for expedited relief, which the Court interpreted to be a motion for a temporary restraining order. (Doc. 16.) The motion was denied without prejudice. (*Id.*) On November 15, 2016, defendant the Tennessee Coalition to End Domestic Violence

("Tennessee Coalition") filed a Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2) and 12(b)(6), (Doc. 18), which was opposed, (Doc. 20). However, on June 6, 2017, Plaintiffs moved to strike the Tennessee Coalition "as a party to this litigation" without prejudice. (Doc. 32.) On June 19, 2017, the Court granted Plaintiffs' motion and denied as moot the Tennessee Coalition's motion. (Doc. 35.)

On June 13, 2017, the USAG filed the instant Motion to Dismiss. (Doc. 34.) As mentioned previously, Plaintiffs have not filed an opposition.

## PLAINTIFFS' AMENDED COMPLAINT

Named as defendants in the caption of the Amended Complaint are the USAG, the United States Department of Justice ("Department of Justice"), the Tennessee Coalition, and Diana Rosa Baku ("Baku"). (Doc. 13 at 1; *see also* Doc. 1 at 1; Doc. 1-1 at 3.) KJS is alleged to be the natural and legal child of Scheppf and Baku. (Doc. 13 at 2.)

Plaintiffs allege that Baku and the Tennessee Coalition engaged in "a criminal fraud in order to fraudulently obtain a 'T' or 'U' type U.S. immigration visa" so as to "allow the [Tennessee Coalition] to obtain state and federal grants . . . " (*Id.*) Scheppf seeks, among other things, "an injunction to prevent [Baku] from fleeing and leaving the jurisdiction of [the] United States with KJS to escape justice and to protect KJS's U.S. citizenship right as a matter of United States law and to end the immigration fraud." (*Id.*) In addition, Plaintiffs request an order that KJS not be "removed from the United States by [Baku] or any other person . . . prior to or during any future immigration proceedings;" the suspension of unidentified immigration proceedings involving KJS; a recommendation from this Court that the Department of Justice and the United States Department of State ("Department of State") investigate the Tennessee Coalition and Baku; the intervention of or participation as *amicus curiae* by the Department of Justice and the Department

of State on behalf of KJS's right to U.S. citizenship; and a monetary award from the Tennessee Coalition and Baku. (*Id*. at 3-4.)

Significantly, Plaintiffs do not allege that the USAG or any other federal entity did or failed to do anything that caused or contributed to Plaintiffs' alleged complaints. Rather, it is alleged merely that federal entities are unaware of the complained-of conduct of the Tennessee Coalition and Baku; Plaintiffs ask that the Court make various federal entities aware of this conduct and that the entities intervene on behalf of KJS's right to United States citizenship. (*Id*. at 2-3.)

## THE USAG'S MOTION TO DISMISS

The USAG limits its motion to Plaintiff's Amended Complaint, noting that "[w]here, as here, an amended complaint does not specifically refer to or adopt earlier pleadings, the amended complaint ordinarily supersedes the original complaint and renders it 'of no legal effect.'" (Doc. 34-1 at 1-2 (citing, *inter alia*, *Boelens v. Redman Homes, Inc*., 759 F.2d 504, 508 (5th Cir. 1985); *Clark v. Tarrant County, Texas,* 798 F.2d 736, 740-41 (5th Cir. 1986)). The Court agrees and limits its consideration to Plaintiffs' Amended Complaint.

However, the USAG goes on to argue that "since the [USAG] is not named as a defendant to this action in the superseding Amended Complaint, the [USAG] is entitled to an order dismissing this civil action as to him to the extent he ever was a party to this action." (*Id.* at 2). Here, the Court disagrees. It is clear from the caption (listing "U.S. Attorney General" as the lead defendant) that the USAG is an intended defendant in both the original as well as the Amended Complaint. Scheppf is a *pro se* litigant and, as such, the Court will afford him "some measure of latitude in [his] complaint and in the errors [he] might make." *See Newsome v. E.E.O.C.*, 301 F.3d 227, 233 (5th Cir. 2002); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*pro se* pleadings are held to "less stringent standards" than formal pleadings drafted by lawyers).

The USAG then lists three additional reasons its Motion should be granted: "(1) Plaintiffs failed to perfect service so that dismissal is warranted under Fed. R. Civ. P. 12(b)(4)-(5) and 4(m); (2) Plaintiffs lack a valid waiver of sovereign immunity or an Article III case or controversy to sue the [USAG] warranting dismissal under Fed. R. Civ. P. 12(b)(1); and (3) Plaintiffs have failed to state a claim warranting dismissal under Fed. R. Civ. P. 12(b)(6)." (Doc. 34-1 at 2.) As set forth below, the Amended Complaint alleges no Article III case or controversy as to the USAG. This Court therefore lacks subject matter jurisdiction as to the USAG and the case must be dismissed as to this defendant. The Court need not consider the other alleged grounds for dismissal. The same reasoning applies as to any federal entity named as a defendant or discussed in the Amended Complaint. The Court therefore dismisses any claims against these entities.

## **NO SUBJECT MATTER JURISDICTION – LACK OF ARTICLE III CASE OR CONTROVERSY**

"It goes without saying that those who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 901 (1983). *See also Raines v. Byrd*, 521 U.S. 811, 818 (1997); *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990); *Sample v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005). A true case or controversy exists when "'conflicting contentions of the parties . . . present a real, substantial controversy between parties having adverse legal interests, a dispute definite and concrete, not hypothetical or abstract.'" *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 297-98 (1979) (citing *Ry. Mail Ass'n v. Corsi*, 326 U.S. 88, 93 (1945)).

In this case, Plaintiffs do not contend that the USAG or any other federal entity breached a duty to Plaintiffs or otherwise did or failed to do anything which caused or contributed to the situation about which Plaintiffs complain. The only allegation regarding the USAG or other federal

entities is that they are unaware of the complained-of conduct by the Tennessee Coalition and Baku. The only relief sought with respect the USAG or other federal entities is that they be made aware of the complained-of conduct and urged to investigate and intervene on behalf of KJS's "right to U.S. citizenship". (Doc. 13 at 3.) Between Plaintiffs and the USAG (as well as any other federal entity) there is no "real, substantial controversy" or "dispute, definite and concrete," and there are no "adverse legal interests." There is therefore no "case or controversy" within the meaning of Article III, and accordingly there is no subject matter jurisdiction.

For the foregoing reasons, the USAG's Motion to Dismiss (Doc. 34) is granted, and Plaintiffs' claims against the USAG are dismissed without prejudice for lack of jurisdiction. Although the Motion is made by the USAG and not any other federal entities, the reasoning underlying the Court's conclusion is identical with respect to any other potential federal defendant named or discussed in the Amended Complaint. The Court is empowered to dismiss for lack of subject matter jurisdiction on its own motion. *See, e.g., Chamberlain v. Barnhart*, 382 F. Supp. 2d 867, 872 (E.D. Tex. 2005) ("[A] federal trial court not only may, but must raise lack of subject-matter jurisdiction on its own motion when the issue appears." (citing *Insurance Corp. of Ireland Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982))). Any claims against the Department of Justice, the Department of State, or any other federal entity named as a defendant or mentioned in the Amended Complaint are also dismissed without prejudice.

Signed in Baton Rouge, Louisiana, on <u>February 9, 2018</u>.

                                                                                   
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**