UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| PAUL DAN SCHEPPF | CIVIL ACTION NO. |
| VERSUS | 16-575-JWD-EWD |
| U.S. ATTORNEY GENERAL, TENNESSEE COALITION TO END DOMESTIC VIOLENCE AND DIANA ROSE BAKU | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 13, 2018.

                                                              **ERIN WILDER-DOOMES**
                                                              **UNITED STATES MAGISTRATE JUDGE**

Certified Return Receipt Paul Dan Scheppf 7004 1160 0003 2648 5539

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**PAUL DAN SCHEPPF**                                    **CIVIL ACTION NO.**

**VERSUS**                                              **16-575-JWD-EWD**

**U.S. ATTORNEY GENERAL, TENNESSEE
COALITION TO END DOMESTIC VIOLENCE AND
DIANA ROSE BAKU**

## REPORT AND RECOMMENDATION

For the reasons that follow, the undersigned recommends dismissal without prejudice of the remaining claims in this matter, Plaintiff's claims against Diana Rose Baku, for failure to prosecute and for failure to comply with a court order under Federal Rule of Civil Procedure 41(b).

On or about August 31 2016, Plaintiff, Paul Dan Scheppf, individually and on behalf of his minor daughter, filed a Motion to Intervene in this Court seeking to prevent removal of the minor child from the United States by her mother, who is alleged to be "natural alien."[1] In an Amended Complaint/Motion to Intervene, Plaintiff further alleged mental anguish, pain and emotional distress due to the non-governmental defendants' roles in purportedly alienating Plaintiff from his minor child. The Amended Complaint/Motion to Intervene also alleged criminal immigration fraud was committed by Tennessee Coalition to End Domestic Violence and added the United States Attorney General as a defendant, presumably to put the government on notice of the alleged immigration fraud.[2]

---

[1] R. Doc. 1
[2] R. Doc. 13.

On June 6, 2017, Plaintiff filed a Motion to Strike, seeking to strike, without prejudice, all references to the Tennessee Coalition to End Domestic Violence from his first and amended complaints.³ The Motion to Strike was granted on June 19, 2017.⁴

On June 13, 2017, the United States Attorney General filed a Motion to Dismiss Plaintiff's Amended Complaint.⁵ That motion was granted on February 9, 2018, dismissing Plaintiff's claims against the Department of Justice, the Department of State or another other federal entity named as a defendant or mentioned in the Amended Complaint without prejudice for lack of jurisdiction.⁶

On March 26, 2018, the undersigned issued a Show Cause Order why the remaining claims against defendant, Diana Rosa Baku ("Baku"), should not be dismissed pursuant to Local Civil Rule 41(b)(1)(B) as no responsive pleadings had been filed or default entered with regard to Baku within sixty (60) days after service of process.⁷ The Show Cause Order provided that, "**Failure to timely comply with the provisions of this Order may result in a recommendation of dismissal of this action without further notice**." (Emphasis in original).⁸

Plaintiff did not appear as ordered for the show cause hearing on April 6, 2018, nor did Plaintiff attempt to contact the court to advise that he was unable to attend. Further, the docket indicates that the certified mail return receipt was delivered to 31975 Tetanne Drive, Springfield,

---

³ R. Doc. 32.
⁴ R. Doc. 35.
⁵ R. Doc. 34.
⁶ R. Doc. 37.
⁷ According to the docket in this matter, Diana Rosa Baku was served with process on October 17, 2016. R. Doc. 12.
⁸ R. Doc. 38.

LA 70462 on March 29, 2018.[9] That is the address provided by Plaintiff in his Motion to Intervene.[10]

Pursuant to Federal Rules of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." This Court has the authority to dismiss an action for plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash Railroad*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Curtis v. Quarterman*, 340 F. App'x 217, 217–18 (5th Cir. 2009) ("A district court has the authority to dismiss an action for failure to prosecute or for failure to comply with any court order. The court possesses the inherent authority to dismiss the action *sua sponte* in the absence of a motion by the defendant."); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (finding that a district court may *sua sponte* dismiss an action for failure to prosecute or to comply with any court order under Federal Rule of Civil Procedure 41(b)). Such a sanction is necessary in order to prevent delay and avoid congestion in the calendars of the court. *See Link*, 370 U.S. at 630–31, 82 S.Ct. 1386.

Accordingly,

**IT IS RECOMMENDED** that the remaining claims in this action, Plaintiff's claims against Diana Rose Baku, be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and failure to comply with a court order under Federal Rule of Civil Procedure 41(b).

**IT IS FURTHER RECOMMENDED** that, if the recommendation of dismissal is adopted, reinstatement of this action within thirty days be permitted upon a showing of good cause

---

[9] R. Doc. 39.
[10] R. Doc. 1, p. 3.

by the Plaintiff.

**IT IS ORDERED** that the Clerk of Court is to provide this Report and Recommendation to Plaintiff via certified mail, return receipt requested to the address listed on PACER.

Signed in Baton Rouge, Louisiana, on June 13, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**